----------------------------------------------------------------- X
EL-SHABAZZ ALLAH,                               :
                                                :
                        Plaintiff,              :       MEMORANDUM
                                                :       AND ORDER
        - against -                             :
                                                :       06 CV 3031 (JG)
                                                :
NEW CENTURY MORTGAGE CORPORATION,               :
et al.,                                         :
                                                :
                        Defendants.             :
----------------------------------------------------------------- X

A P P E A R A N C E S :

       EL-SHABAZZ ALLAH
            1 DeKalb Avenue
            Brooklyn, NY 11201
            Plaintiff, *pro se*

       REED SMITH LLP
            599 Lexington Avenue, 28th Floor
            New York, NY 10022
       By:    Andrew Brooks Messite
            Attorneys for Defendants New Century Mortgage Corporation,
               Brad A. Morrice, and William F. Schneider

JOHN GLEESON, United States District Judge:

       El-Shabazz Allah brings this action *pro se* against an array of corporate and individual defendants pursuant to the Truth in Lending Act, 15 U.S.C. § 1601, *et seq.* (2000), the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601, *et seq.* (2000), and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692, *et seq.* (2000). Defendants New Century Mortgage Corporation ("New Century"), Brad A. Morrice, the chairman of New Century, and William F. Schneider, an assistant vice president of New Century, have moved to dismiss Allah's complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which

relief can be granted.[1] I heard oral argument on the motion on October 26, 2006. For the reasons discussed below, the defendants' motion is granted.

BACKGROUND

In response to the defendants' motion and supporting affidavit, Allah has filed an "Answer to Defendants Affidavit" and an "Amendment in Support of Answer to Defendants Affidavit."[2] Allah's complaint and response papers are extremely difficult to decipher. Nevertheless, the following factual allegations can be discerned, and I accept them as true for the purposes of this motion:

Allah entered into two purchase-money mortgage loans for a particular Brooklyn property -- for $604,000 and $151,000 -- with New Century as mortgagee. New Century then transferred servicing on the $604,000 loan to Chase Home Finance LLC, and transferred servicing on the $151,000 loan to Ocwen Loan Servicing. Allah alleges that the named defendants committed several instances of misfeasance regarding these mortgages. First, one or more of the defendants reported to consumer reporting agencies that Allah's loan obligations

---

[1] Allah has filed a motion for summary judgment. The motion is denied without prejudice to renewal after the close of discovery (should discovery become necessary in this action). Plaintiff's response papers also appear to allege new claims pursuant to the Uniform Commercial Code and a fraud "counterclaim" against the moving defendants and their attorneys. I decline to address those claims, whatever their validity, as the motion at hand concerns only the legal sufficiency of Allah's complaint.

[2] Allah attaches to his complaint a large number of exhibits representing, in part, the loan documents and correspondence at issue in this case. Both parties attach to their motion papers exhibits supplementing these documents. To the extent that the supplementary documents are not attached to or incorporated by reference in Allah's complaint, I exercise my discretion to consider them integral to the complaint because Allah was, as a party to the loan, on notice of their contents and relied upon them in writing his complaint. I therefore choose not to convert the movants' motion into a motion for summary judgment. *See Discover Group, Inc. v. Lexmark Int'l, Inc.*, 333 F. Supp. 2d 78, 82 (E.D.N.Y. 2004) ("The Court's consideration of a motion to dismiss pursuant to 12(b)(6) is limited to the factual allegations in the complaint, documents incorporated by reference in the complaint, matters of which judicial notice may be taken, and documents either in plaintiffs' possession or of which plaintiffs had knowledge and relied on in bringing suit.") (citing *Brass v. Am. Film Techs., Inc.*, 987 F.2d 142, 150 (2d Cir.1993)); *see also Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002) ("[A] plaintiff's reliance on the terms and effect of a document in drafting the complaint is a necessary prerequisite to the court's consideration of the document on a dismissal motion; mere notice or possession is not enough.").

were overdue. I infer for purposes of this motion that Allah was not, in fact, overdue on his payments (he does not mention whether he was or not). One or more defendants also failed to stop debt collection activities. Second, Allah never received notice that he had a right to rescind his loan transaction with New Century. Third, when the mortgage servicing rights were transferred from New Century, the "amount financed" changed. For the $604,000 loan, for example, the "amount financed" increased from $589,864.14 to $602,936.39. Fourth, New Century never acknowledged Allah's complaints about this discrepancy. Fifth, New Century paid a mortgage broker a $6,040 fee that Allah claims was a "kickback." (The fee appears in Allah's HUD-1 Settlement Statement.) Allah alleges this "kickback" caused his interest rate to increase. Finally, Morrice and Schneider failed to respond to repeated notices Allah sent them requiring the production of documents related to Allah's mortgage.

STANDARD OF REVIEW

I must accept the factual allegations in Allah's complaint as true. *See Jackson v. Birmingham Bd. of Educ.*, 544 U.S. 167, 171 (2005); *Gregory v. Daly*, 243 F.3d 687, 691 (2d Cir. 2001). Moreover, I may not grant the defendants' Rule 12(b)(6) motion unless it appears beyond doubt that the plaintiff can prove no set of facts that entitle him to relief. *See Gregory*, 243 F.3d at 691. On the other hand, a legally sufficient complaint must allege at least one set of facts that "confer[s] a judicially cognizable right of action." *York v. Ass'n of the Bar of New York*, 286 F.3d 122, 125 (2d Cir. 2002), *cert. denied*, 537 U.S. 1089 (2002).

Allah represents himself and is therefore entitled to a more liberal construction of his complaint than would be afforded to a lawyer's pleading. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam); *McPherson v. Coombe*, 174 F.3d 276, 280 (2d Cir. 1999) (holding that courts must interpret *pro se* pleadings "'to raise the strongest arguments that they

3

suggest'" (quoting *Burgos v. Hopkins*, 14 F.3d 787, 790 (2d Cir.1994)). But Allah must, of course, allege facts compatible with the substantive law under which he seeks relief. *See Traguth v. Zuck*, 710 F.2d 90, 95 (2d Cir. 1983).

DISCUSSION

A.   *Claims Pursuant to the FDCPA*

Allah claims that defendants violated the FDCPA by reporting overdue payments to consumer reporting agencies and by pursuing collection activities against him. The FDCPA prohibits "any false, deceptive, or misleading representation or means in connection with the collection of any debt" by a "debt collector." 15 U.S.C. § 1692e. The statute defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." *Id.* § 1692a(6). Thus, because they collect their own debts and do not collect the debts of another, "[a]s a general matter, creditors are not subject to the FDCPA." *Maguire v. Citicorp Retail Servs., Inc.*, 147 F.3d 232, 235 (2d Cir. 1998). Pursuant to § 1692a(6), however, a creditor becomes subject to the FDCPA if the creditor, "in the process of collecting his own debts, uses any name other than his own which would indicate that a third person is collecting or attempting to collect such debts."

Allah does not allege that New Century is a debt collector within the meaning of the FDCPA. The only debt he references is the one owed to New Century, and Allah does not appear to claim that New Century is primarily a debt collector, or that it used any name other than its own in collecting its own debt. Accordingly, to the extent New Century did in fact report overdue payments and fail to cease debt collection activities (and even if Allah was not, in

4

fact, overdue on his payments), such action is without the protection of the FDCPA. Of course, the same reasoning applies to defendants Morrice and Schneider.

B. *Claims Pursuant to the Truth in Lending Act*

Allah makes two claims under the Truth in Lending Act. First, he claims that the moving defendants violated the Act by failing to disclose that Allah had a right to rescind his mortgage. Regulation Z of the Act provides that a consumer may rescind a credit transaction in which the security interest at stake is in the consumer's "principal dwelling." 12 C.F.R. § 226.23(a)(1). However, the regulation exempts "residential mortgage transaction[s]." *Id.* § 226.23(f)(1). The definition of "residential mortgage transaction" includes, by statute, residential purchase-money mortgage transactions. *See* 15 U.S.C. § 1602(w) (defining the term as "a transaction in which a mortgage . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling"). Accordingly, the court in *Nembhard v. Citibank, N.A.*, No. CV 96-3330 (CPS), 1996 U.S. Dist. LEXIS 20062, at *4 (E.D.N.Y. Oct. 22, 1996), held that when a complaint and attached loan documents "unambiguously state that the funds were used to finance the acquisition of the home and the home was to be occupied by the plaintiff as her primary residence . . . Regulation Z provides no right of rescission."

Defendants claim that Allah's purchase-money mortgages fit into the Regulation Z exception to the right of rescission. I cannot find in the complaint or in the loan documents attached by either party an unambiguous statement that the funds were used to finance Allah's "dwelling." To be sure, the "Borrower's Statement Regarding the Property" clause in the loan documents have a check mark next to the statement "This Security Instrument covers real property improved, or to be improved, by a one or two family dwelling only." *See* Pl.'s Ex. B at

5

15. But this hardly constitutes unambiguous evidence that the property was Allah's dwelling, particularly when the address on file for this lawsuit is different than the encumbered property at issue, and particularly when I must draw all inferences in favor of Allah. However, I infer from the fact that Allah seeks the protection of the Truth in Lending Act's right to rescind that the mortgaged property at issue is his "primary dwelling," because that status is a precondition for the right to rescind under the Act.[3] Accordingly, Allah can prove no set of facts that entitle him to relief under the Truth in Lending Act for New Century's failure to disclose a right to rescind.[4]

As for defendants Morrice and Schneider, because Allah has sued them in their corporate capacity, they are not the target of this cause of action. Allah fails to allege any obligation on the part of the individual defendants, as lenders, to disclose a right to rescind. Therefore, the cause of action is dismissed as to these defendants.

Allah's second Truth in Lending Act claim relates to the change in the "amount financed" on his mortgages. Defendants argue persuasively that this claim reduces to a simple misunderstanding on Allah's part. Allah complains about the discrepancy between a figure of $604,936.39, which represented the principal amount of the loan and was quoted to him when the servicing of his $604,000 loan was transferred, and a figure of $589,864.14, which was quoted as the "amount financed" in the Truth-in-Lending Disclosure Statement executed by Allah at the closing. Defendants point out that this discrepancy is unsurprising, since the numbers represent different things. The lower number -- the amount financed -- is lower

---

[3] Allah also stated at oral argument that the property in question is where he lives.

[4] Allah also claims a right to rescind because he "actually funded his own mortgage, by his signature to the promissory note." Compl. at 3. I reject this argument. Not only do I disbelieve that Allah entered into such a transaction, the notion is contradicted by Allah's very prosecution of this action -- which seeks relief under statutes regulating the actions of lenders for the benefit of borrowers -- against the defendants.

because it excludes finance charges that had been paid by Allah at the closing. *See Lopez v. Delta Funding Corp.*, No. CV 98-7204 (CPS), 1998 U.S. Dist. LEXIS 23318, at *26 (E.D.N.Y. Dec. 23, 1998) (noting that the "amount financed" under Regulation Z is calculated by "determining the principal loan amount [and] subtracting any prepaid finance charge"). Because the amounts are different for good reason, and because Allah does not allege that the numbers themselves are incorrect, the allegation of the discrepancy fails to state a claim under the Truth in Lending Act.

C. *Claims Pursuant to RESPA*

Allah brings two RESPA claims. First, he contends that defendants' failure to respond to his complaints about the discrepancy violated Section 6 of RESPA, 12 U.S.C. § 2605 (2000). This claim does not appear to be targeted at the moving defendants, however, because Section 6 applies only to loan servicers, and lenders acting as servicers. *See id.* § 2605(i). Allah alleges that servicing had been transferred by New Century (and therefore the individual moving defendants) before Allah first sent out his complaints. *See* Compl. at 3, 6-7. Because New Century was not Allah's servicer, he fails to state a claim against New Century or the individual defendants associated with New Century.[5]

Second, Allah alleges New Century violated RESPA by providing Allah's mortgage broker with an undisclosed kickback. RESPA prohibits the tendering of "any fee, kickback, or thing of value" for providing a referral in a federally regulated mortgage loan transaction. 12 U.S.C. § 2607(a). But there is no prohibition on payment for services performed. *See id.* § 2607(c)(2). Allah alleges that a certain payment of $6,040 to a mortgage

---

[5] To the extent Allah argues that the moving defendants violated RESPA by informing consumer credit agencies that his payments were overdue, Allah fails to state a claim for the same reason.

7

broker was a kickback, apparently because the payment allegedly violated "Generally Accepted Accounting Principals [sic]." Compl. at 8. But such principles are not legally relevant to the assessment of violations of RESPA. Furthermore, Allah's statement that the payment was undisclosed, *see id.* ("There clearly was a Un-Disclosure [sic] 'kick-back'"), contradicts itself when it states that the payment was, in fact, disclosed "in the HUD-1 Settlement statement Line 813," *id.* Needless to say, the allegation that defendants made a fully disclosed payment, even in violation of GAAP, is insufficient, without more, to state a claim that defendants made an illegal payment for a referral in the mortgage loan transaction. Lacking such a claim, Allah's RESPA allegations must be dismissed.

## CONCLUSION

For the reasons stated above, the moving defendants' motion to dismiss Allah's claims is granted in full.[6]

So ordered.

John Gleeson, U.S.D.J.

Dated: Brooklyn, New York
November 4, 2006

---

[6] The complaint provides no legal basis for Allah's final allegation -- that the individual moving defendants failed to respond to repeated notices he sent them requiring the production of various loan documents. Accordingly, I am unable to construe that allegation to state a claim upon which relief can be granted.

8